UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JENNY P.,

    Plaintiff,

v.                                            Case No. 21-CV-78

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[1],

    Defendant.

---

### DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

Plaintiff, who is representing herself, seeks judicial review of the final decision of the Commissioner of the Social Security Administration denying her claim for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. § 405(g). (Docket # 1.) The Commissioner has moved to dismiss Plaintiff's complaint as untimely. (Docket # 18.)

Pursuant to 20 C.F.R. § 422.210(c), a claimant has sixty days after the Appeals Council's notice of denial of request for review to file a civil action. The date of receipt of the notice is presumed to be five days after the date of the Appeals Council's notice. *Id.* However, "the 60–day requirement is not jurisdictional, but rather constitutes a period of limitations," *Bowen v. City of New York*, 476 U.S. 467, 478 (1986), (citations omitted), which is subject to equitable tolling, *id.* at 480–81. Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if she can show that she was

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's appointment as acting commissioner. *See* Fed. R. Civ. P. 25(d).

prevented from filing by extraordinary circumstances beyond her control. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In this case, the Appeals Council denied Plaintiff's request for review on November 9, 2020 (Declaration of Dexter Potts ("Potts Decl.") ¶ 3, Ex. 2, Docket # 20-2.) A copy of this notice was mailed to Plaintiff's address. (*Id.*) Again, the date of receipt of the notice is presumed to be five days after the date of such notice, unless a reasonable showing to the contrary is made. 20 CFR. § 422.210(c). In other words, Plaintiff had sixty-five days from November 9, 2020 in which to file her complaint in this court, which would have been Wednesday, January 13, 2021. Plaintiff did not file her complaint until January 19, 2021. (Docket # 1.)

Although Plaintiff's complaint was filed only six days late, courts strictly construe the statute of limitations in Social Security appeals and "[e]ven one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late). Under these circumstances, I must find that Plaintiff's complaint was untimely filed.

There is one final consideration. Even though Plaintiff's complaint was untimely filed, because the sixty-day requirement is not jurisdictional, it is subject to equitable tolling. *Bowen*, 476 U.S. at 478, 480–81. Under the doctrine of equitable tolling, a person's failure to file a civil complaint within the time specified may be excused if she can show that she was prevented from filing by extraordinary circumstances beyond her control. *Pace*, 544 U.S. at 418. Plaintiff does not attempt to establish that equitable tolling applies in her case. In fact, Plaintiff has not responded to the motion to dismiss. Because Plaintiff's complaint was

untimely and she has not shown equitable tolling excuses the untimeliness, the Commissioner's motion to dismiss plaintiff's complaint as untimely will be granted.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the Commissioner's Motion to Dismiss (Docket # 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of January, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge